**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDY BOWERS,

    Petitioner,

v.                                           CASE NO. 8:06-CV-1034-T-30TGW

JAMES McDONOUGH, et al.,

    Respondents.
_____/

**O R D E R**

This matter is before the Court for consideration of Petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2254, filed *pro se* on May 29, 2006. Petitioner is challenging his 2000 conviction for robbery with a weapon entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a response to the petition (Dkt. 14), and Petitioner has filed a reply thereto (Dkt. 21). The matter is before the Court for consideration on the merits of the petition. No evidentiary hearing is required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2006).

**Background**

Petitioner was charged by Information on August 29, 2000, with robbery with a deadly weapon. Represented by court-appointed counsel, Petitioner proceeded to a trial by jury on November 27, 2000. Petitioner was found guilty of the lesser included offense of robbery with a weapon, and on January 8, 2001, he was adjudicated an habitual felony offender and sentenced to a term of 15 years in prison.

On June 14, 2002, the state district court affirmed Petitioner's conviction and sentence. *See Bowers v. State*, 821 So.2d 1064 (Fla. 2d DCA 2002) (table decision).

According to Petitioner, he filed a Rule 3.800(a) motion on April 16, 2003, which was denied on January 13, 2004. He has not, however, provided any record support for this assertion.

Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on May 31, 2004.[1] The trial court summarily denied the motion on December 8, 2004 (Dkt. 9, Ex. 7). Petitioner's motion for rehearing, *see* Dkt. 9, Ex. 8, was denied on February 17, 2005 (Dkt. 9, Ex. 9). The state district court affirmed, *per curiam*, without written opinion, the trial court's decision on September 14, 2005 (Dkt. 9, Ex. 13). *See Bowers v. State*, 914 So.2d 961 (Fla. 2d DCA 2005) (table decision). Petitioner's motion for a rehearing was denied, and the mandate issued on November 10, 2005 (Dkt. 9, Ex. 15). The Florida Supreme Court dismissed Petitioner's petition for writ of *certiorari*, filed on November 16, 2005, as an improper application on December 23, 2005 (Dkt. 9, Ex. 18). *See Bowers v. State*, 920 So.2d 626 (Fla. 2005) (table decision).

On February 15, 2006, Petitioner field a petition for federal habeas relief. *See Bower v. Crosby*, Case No. 8:06-CV-263-23MAP (M.D. Fla. 2006). The petition was dismissed without prejudice on April 21, 2006, for failure to pay the filing fee, *see id.* at Dkt. 4. *See also* Local Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida (2006) ("The Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, *sua sponte*, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action.").

---

[1] In his reply, Petitioner states that he filed his Rule 3.850 motion on July 9, 2004. The record reflects that the motion was executed by Petitioner on May 31, 2004, and filed with the trial court on June 1, 2004 (Dkt. 9, Ex. 6).

Petitioner filed the present § 2254 petition on May 29, 2006[2] (Dkt. 1). Petitioner asserts two claims of trial court error and seven claims of ineffective assistance of counsel. Respondent asserts, *inter alia*, that the petition is barred under the one year limitation provisions of 28 U.S.C. § 2244(d).  Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, this Court agrees with Respondent.

## Discussion

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's limitation period commenced to run on September 12, 2002, when the 90-day window during which he could have petitioned the United States Supreme Court for a writ of *certiorari* expired. *See* Sup. Ct. R. 13; *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, absent tolling by a "properly filed" application for state post-conviction relief,

---

[2]Although the petition was not received by the Clerk's office for filing until June 1, 2006, this circuit considers § 2254 petitions for habeas relief and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Petitioner executed the petition on May 29, 2006.

Petitioner had until Friday, September 12, 2003, to file a timely petition for federal habeas relief.

Accepting, without deciding, Petitioner's assertion that he filed an application for state post-conviction relief on April 26, 2003, that was denied on January 13, 2004, when his limitations period recommenced to run, 139 days remained unexpired (365 days - 226 days = 139 days). Petitioner filed his Rule 3.850 motion 138 days later on May 31, 2004. When the limitations period recommenced to run on November 10, 2005, 1 day of the limitation period remained unexpired (365 days - 226 days - 138 days = 1 day). To be timely filed, Petitioner's § 2254 petition had to be filed on or before Friday, November 11, 2005.

Even if Petitioner's petition for writ of *certiorari* filed in the Florida Supreme Court on November 16, 2005, had been properly filed,[3] it would have had no tolling effect because the limitation period cannot be reinitiated once it expires. Thus, Petitioner's filings after November 11, 2005, had no effect on the limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Petitioner has not

---

[3] In *Jenkins v. State,* the Florida Supreme Court discussed at length the history and purpose of a 1980 amendment to article 5, section 3 of the Florida Constitution restricting the scope of that court's discretionary review jurisdiction. 385 So.2d 1356 (Fla.1980). The Florida Supreme Court concluded that it "lacks jurisdiction to review *per curiam* decisions of the several district courts of appeal . . . rendered without opinion, regardless of whether they are accompanied by a dissenting or concurring opinion, when the basis for such review is an alleged conflict of that decision with a decision of another district court of appeal or of the [Florida] Supreme Court." *Id.* at 1359.

In light of the holding by the Florida Supreme Court, the final arbiter of Florida law, that it lacks jurisdiction to review such *per curiam* decisions, Petitioner's attempt to invoke the discretionary jurisdiction of the Florida Supreme Court could have no tolling effect on the federal limitation period because such relief is not available under Florida law. This aspect of Florida law has been recognized by the United States Supreme Court, *see Hobbie v. Unemployment Appeals Comm'n of Florida*, 480 U.S. 136, 139 n.4 (1987), and the Eleventh Circuit Court of Appeals, *see Byrd v. Wainwright,* 722 F.2d 716, 718 n.2 (11th Cir. 1984) ("Until 1980 the Florida Supreme Court reviewed 'instances of discernable conflict to district court decisions affirming without opinion the orders of trial courts. The rule was amended in 1980 to accord with a state constitutional amendment limiting conflict certiorari to conflicts among *written* opinions" (citation omitted; emphasis in original)). Petitioner's petition for certiorari review was not a "properly filed" application for state post-conviction relief. *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000).

shown that he could not have discovered the factual predicate of his federal claims prior to the expiration of the limitation period, and he fails to meet the criteria for an exception under § 2244(d)(1)(D) because he does not advance a claim based on a right newly recognized by the United States Supreme Court and retroactive in application. *See* 28 U.S.C. § 2244(d)(1)(C) & (D).

Petitioner asserts that this Court should entertain his claims on the merits despite the procedural default because a state created impediment prevented him from filing a timely § 2254 petition, to wit, the Florida Department of Corrections ("FDOC") regulations governing the use of prison libraries. *See* 28 U.S.C. § 2244(d)(1)(B). According to Petitioner, by enforcing FDOC regulations, FDOC personnel denied him adequate access to the prison law library at the Polk Correctional Institution Work Camp, where Petitioner is currently incarcerated. In support of this claim, Petitioner attaches a copy of an undated Inmate Request he addressed to the prison law library stating: "I would like to be place[d] on the call out to do some research on my case" (Dkt. 21, Ex. 11). When the request was denied on January 27, 2006, Petitioner was advised: "I will not do this unless you prove to me that you have a 20 or fewer calendar day deadline recently imposed on you by law, court order, or court rule." *Id*. Petitioner does not explain why he waited more than 2 months after the limitations period lapsed to begin "some research on [his] case." *Id*.

The record evidence is insufficient to support a connection between Petitioner's untimely filing and any alleged inaccessibility or inadequacies in the prison law library. *Helton v. Sec. for the Dep't. of Corrs.*, 1310, 1314-15 (11th Cir. 2001) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. . . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or

that the procedure to request specific materials was inadequate.")). "The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Id. See also Akins v. United States,* 204 F.3d 1086, 1090 (11th Cir. 2000).

While it is well established that prisoners have a constitutional right of access to the courts, the Supreme Court has clarified its decision in *Bounds v. Smith,* 430 U.S. 817, 825 (1977), stating that access to law libraries is but one way of assuring the constitutional right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 351 (1996). The mere inability of a prisoner to access the law library, in itself, is not considered an unconstitutional impediment. The inmate must show that this inability prevented him from exercising the fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement. *Id.* at 355.  Petitioner has failed to explain how his inability to access the law library in 2006 prevented him from completing and filing his petition prior to the expiration of the limitation period on November 11, 2005. Thus, the petition for federal habeas relief is time barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner demonstrates that he is entitled to equitable tolling.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  The "extraordinary circumstances" must relate to the untimeliness of the filing rather than the underlying conviction. *See Helton v. Sec. for the Dep't. of Corrs.*, 259 F.3d at 1314-15.

The law is well settled that ignorance of Section 2244's one year time limitation is simply not a sufficient basis for the application of the doctrine of equitable tolling. In addressing whether a court should consider the merits of a request for federal habeas relief despite a time bar because the petitioner was unlearned in the law and unaware that there was a limitations period for filing for post-conviction relief, the Eleventh Circuit held that "ignorance of available post-conviction remedies cannot excuse a procedural fault." *Towers v. Phillips,* 7 F.3d 206, 211 (11th Cir.1993) (citing *McCoy v. Newsome*, 953 F.2d 1252 (11th Cir.), *cert. denied,* 504 U.S. 944 (1992); *Whiddon v. Dugger,* 894 F.2d 1266, 1267 (11th Cir.), *cert. denied,* 498 U.S. 834 (1990)). *See also Allen v. Yukins*, 366 F.3d 396, 402-03 (6th Cir. 2004); *Cousin v. Lensing*, 310 F.3d 843, 850 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15-16 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

The Court finds that Petitioner has not met the burden of demonstrating that exceptional circumstances beyond his control <u>and</u> unavoidable with diligence prevented him from presenting his claims before the limitations period expired, which are essential elements for the imposition of equitable tolling. *See Drew v. Dep't. of Corrs.*, 297 F.3d at 1286. Petitioner has, thus, failed to satisfy the criteria in this jurisdiction for a finding that he is entitled to an exception to the operation of the one-year limitation period.

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner demonstrates that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that such an exception to the

limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup v. Delo*, 513 U.S. at 324.  Petitioner does not assert that he has "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of his claims.

## Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 30, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

<u>Copy furnished to</u>:
All Parties/Counsel of Record