**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDY BOWERS,

    Petitioner,

v.                                         CASE NO. 8:06-CV-1034-T-30TGW

JAMES McDONOUGH, et al.,

    Respondents.
_____/

**O R D E R**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 24) of the November 30, 2006 decision denying his petition for relief under 28 U.S.C. § 2254, a Motion for Issuance of Certificate of Appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (Dkt. 25), and an Affidavit of Indigency in which Petitioner requests leave to proceed on appeal *in forma pauperis* (Dkt. 26).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability, where a district court has

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

rejected a petitioner's constitutional claims on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Finding that his petition was not filed within the one-year limitation period applicable to requests for federal habeas relief, *see* 28 U.S.C. § 2244(d), the Court denied Petitioner's challenge to the validity of his conviction for robbery with a weapon. Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period in this circuit, he has failed to satisfy the second prong of the *Slack* test.  529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Issuance of Certificate of Appealability (Dkt. 25) is **DENIED**.

2. The request to proceed on appeal *in forma pauperis* (Dkt. 26) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 29, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Petitioner/Counsel of Record

SA: jsh